UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MICHAEL KOEHLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:05-CV-367 (CEJ) |
| MARTIN M. GREEN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions for sanctions under Rule 11, Fed. R. Civ. P., and pursuant to 28 U.S.C. § 1927. The parties and attorneys against whom sanctions have been sought have filed oppositions to the motions, and the issues are fully briefed.

**I. Background**

Plaintiff J. Michael Koehler is a lead plaintiff and class representative in In re BankAmerica Corporation Securities Litigation, 99-MD-1264-CEJ, pending before this Court. Plaintiff filed this action in the Southern District of New York, alleging that defendants, as class and lead class counsel in the BankAmerica litigation, breached their fiduciary duties by negotiating a settlement without the knowledge or consent of lead plaintiffs. The case was transferred to the Eastern District of Missouri, as plaintiff's claims arise solely from the BankAmerica litigation and, specifically, the BankAmerica settlement. Further, this Court retained jurisdiction over all matters relating to the settlement of the BankAmerica litigation.

On April 20, 2006, this Court granted defendants' motion to dismiss, finding that all of plaintiff's claims in this action had already been considered and denied in the BankAmerica litigation. Therefore, plaintiff's claims in this action were barred by the doctrine of collateral estoppel. This decision was affirmed by the Eighth Circuit Court of Appeals on March 27, 2007.

Defendants Martin Green, Joe Jacobson, Jonathan Andres and their firm, Green, Schaaf & Jacobson, P.C.[1], (collectively, "the Green Schaaf defendants") have filed three separate motions for sanctions. The first motion [#58] was filed on July 22, 2005, seeking an award of attorneys' fees and expenses against the Cohen Pope PLLC law firm[2], pursuant to 28 U.S.C. § 1927. In support of their motion, the Green Schaaf defendants claim that it was patently obvious that this case should not have been filed in the Southern District of New York. They contend that, as a direct result of the filing of this lawsuit in New York instead of in St. Louis, they incurred $38,157.12 in attorneys' fees and costs that they otherwise would not have had to incur.

On August 26, 2005, the Green Schaaf defendants filed their second motion for sanctions [#75], seeking monetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, against plaintiff and "all counsel of record for plaintiff". At the time the Rule 11 motion was filed, plaintiff's

---

[1] Defendant Green, Schaaf & Jacobson changed its name to Green Jacobson & Butsch during the pendency of this case.

[2] Cohen Pope represented plaintiff when this suit was filed in the Southern District of New York, but has not represented plaintiff since September 2005.

counsel of record included: (1) Nicole Tuman; (2) Irving Cohen; (3) W. Jeffrey Muskopf; (4) James R. Mendillo[3]; and (5) Paul Knag. The Green Schaaf defendants contend that plaintiff and plaintiff's counsel violated Rule 11 by asserting frivolous claims that had already been denied by this Court and the Eighth Circuit Court of Appeals. The Green Schaaf defendants assert that they served a copy of their motion for sanctions on each of these parties in compliance with Rule 11's "safe harbor" provisions. See Fed.R.Civ.P. 11(c)(2).

The Green Schaaf defendants filed a "renewed" motion for sanctions [#124] on May 1, 2007. The renewed motion simply restates the claims presented in the earlier motions, but states an additional claim for sanctions under Rule 11 against attorney David Oetting.[4] The renewed motion also reflects that the Green Schaaf defendants incurred total legal fees and expenses of $97,129.38 in defense of this matter.[5] The Green Schaaf defendants did not give notice to any party prior to filing their "renewed motion".

II. Discussion

---

[3]The Green Schaaf defendants have since withdrawn their claim for sanctions against W. Jeffrey Muskopf and James R. Mendillo.

[4]Mr. Oetting had not yet entered his appearance in this matter when the original Rule 11 sanction was filed, and his representation of plaintiff was limited to appealing the order of dismissal in this action.

[5]Of this amount, the Green Schaaf defendants seek $49,257.12 under their § 1927 motion and $47,872.26 under their Rule 11 motion.

Although the Green Schaaf defendants have filed three motions for sanctions, they essentially assert only two claims: (1) whether the law firm Cohen Pope violated 28 U.S.C. § 1927 by filing the complaint in the Southern District of New York; and (2) whether plaintiff or his counsel violated the obligations under Rule 11 such that sanctions are warranted. The Green Schaaf defendants' "renewed motion" merely repeats these claims and adds one additional claim for Rule 11 sanctions against attorney David Oetting.

The Court finds that this "renewed motion" for sanctions under Rule 11 must be denied because its only new claim, against Mr. Oetting, is unwarranted. Mr. Oetting did not enter his appearance in this matter until after the Court had granted defendants' motion to dismiss. Therefore, even if Mr. Oetting believed that the complaint was frivolously filed, he could not have taken any action in this Court to rectify the situation.[6] Likewise, Mr. Oetting was not provided with any notice of the motion for sanctions, in violation of the "safe harbor" provisions of Rule 11.

Further, the Court believes that the Green Schaaf defendants' claims for sanctions against attorneys Paul Knag and Irving Cohen are also without merit. The motion for sanctions was filed only days after Mr. Knag entered his appearance in the case. Mr. Knag was not involved in this matter at the time of the alleged Rule 11 violation, the Court does not believe that he, or his firm,

---

[6]To the extent that the Green Schaaf defendants feel that Mr. Oetting impermissible represented plaintiff on appeal in this matter, it would have been more appropriate to present this argument to the Court of Appeals under Rule 38 of the Federal Rules of Appellate Procedure.

can be held responsible for the alleged violation. Additionally, Mr. Knag was also not provided with the twenty-one day notice period required under the rule.

Likewise, the Court has no evidence to suggest that attorney Irving Cohen was responsible for any alleged violations of Rule 11. Mr. Cohen became involved in this matter only after his partner, Joseph Pope, passed away unexpectedly. His representation was limited to assisting plaintiff until he found additional counsel. A review of the docket sheet reflects that Mr. Cohen had very little involvement in this matter and did not sign or file any documents other than his motion for pro hac vice admission and his memoranda in response to the motions for sanctions. Clearly, Mr. Cohen is not responsible for any documents the Green Schaaf defendants claim were filed in violation of Rule 11.

Finally, to the extent that the motion seeks sanctions against plaintiff himself, such a claim cannot include monetary sanctions under Fed.R.Civ.P.11(b)(2). Because plaintiff has been represented by counsel throughout these proceedings, he is not subject to these sanctions. See Fed. R. Civ. P. 11(c)(5)(A). Therefore, to the extent that the motion seeks monetary sanctions against plaintiff for a violation of Rule 11(b)(2), the motion is denied.

The Court now turns to the substance of the Green Schaaf defendants' motion for sanctions under Rule 11, filed on August 26, 2005. The Green Schaaf defendants are seeking $47,872.26 for alleged violations of Rule 11 by

-5-

plaintiff and attorney Nicole Tuman and the Cohen Pope law firm. "Rule 11 sanctions are imposed only in response to claims that are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." MHC Inv. Co. v. Racom Corp., 323 F.3d 620, 623 (8th Cir. 2003). If Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1). Rule 11 provides a "safe harbor" provision which allows attorneys to correct or withdraw their challenged filings within twenty one days of being served with the motion. See Fed.R.Civ.P. 11(c)(2); Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029 (8th Cir. 2003).

The Green Schaaf defendants contend that plaintiff and his attorneys violated by Rule 11 by: (1) filing the complaint and amended complaint for an improper purpose; (2) making claims that were not warranted by existing law or by a non-frivolous argument that would modify existing law; and (3) asserting allegations in the complaint that were not likely to have any evidentiary support.

Rule 11(b)(1) requires that all filings be made for a proper purpose, and not be intended to harass, increase the cost of litigation, or cause unnecessary delay. The Green Schaaf defendants fail to provide any evidence that the complaint was filed for any purpose other than to obtain the relief requested. The Court does not have any reason to believe that plaintiff would impose the cost of litigation upon himself solely to force the cost upon defendants as well.

Likewise, the Court cannot say that plaintiff violated Rule 11(b)(3), which requires that all factual allegations within the complaint have evidentiary support, or at least that evidentiary support for the allegations is likely upon discovery. The Green Schaaf defendants did not provide any specific details as to which factual allegations within the complaint they believe lack evidentiary support. Therefore, the Court cannot conclude that the attorneys violated Rule 11(b)(1) or (3) in filing the complaint.

The final Rule 11 obligation at issue here is contained in subsection (b)(2), and requires that all claims and legal contentions asserted in a pleading be warranted by existing law or by a nonfrivolous argument for the reversal or modification of existing law. See Fed.R.Civ.P. 11(b)(2). The issue here largely comes down to whether, at the time plaintiff filed his complaint, it was obvious that all of plaintiff's claims were collaterally barred and without any legal merit. If so, then filing the complaint would violate Rule 11(b)(2).

Plaintiff's complaint alleges a violation of the Private Securities Litigation Reform Act ("PLSRA"), 15 U.S.C. § 78u-4 and a breach of fiduciary duties. The basis for all claims is that defendants made material misrepresentations to this Court and to plaintiff during their involvement in the BankAmerica class action and the BankAmerica settlement negotiations.

Many of plaintiff's assertions had been presented to, and rejected by, either this Court or the Eighth Circuit Court of Appeals in the underlying BankAmerica litigation. In In re BankAmerica Corp. Securities Litigation, 350 F.3d 747 (8th Cir. 2003), the Eighth Circuit found that this Court did not abuse

its discretion in approving the settlement over plaintiff's objections, even though plaintiff had objected under the PLSRA. Further, this Court was aware of many of the allegations of class counsel misconduct when it approved the settlement. The Court later stated that class counsel properly represented the interests of their clients and conducted themselves in a professional manner. The Court was aware of plaintiff's objections to the settlement when it made these statements.

However, although this Court found (and the appellate court affirmed) that plaintiff's claims were barred by collateral estoppel, the Court cannot say that it was fully obvious at the time of filing the complaint that such a result would have been reached. The fact that this Court approved the settlement even after becoming aware of plaintiff's allegations of attorney misconduct does not necessarily, in and of itself, mean that the Court had already ruled on the issue of whether counsel breached any fiduciary duties. In filing this action, plaintiff is distinguishing between challenging the sufficiency of the settlement agreement, and challenging class counsel's conduct in reaching that agreement. Clearly, if plaintiff was again challenging the sufficiency of the settlement agreement, he would be barred from doing so and Rule 11 sanctions would be proper. Here, however, plaintiff was challenging only the conduct of counsel in reaching that agreement. While the two issues significantly overlap, the Court cannot say that it was obvious that plaintiff's claims regarding the misconduct of class counsel would be barred.

Further, in a hearing on April 18, 2005 [docket #53], the Court acknowledged that, when it made its ruling in the BankAmerica case, it was not fully aware of all of the current allegations against class counsel. Therefore, the Court's comments in the underlying litigation that counsel had acted appropriately and professionally were not based on all of the allegations of misconduct that plaintiff raised in his complaint. Therefore, the Court concludes that plaintiff did not violate Rule 11 by filing his complaint because a non-frivolous, although ultimately unsuccessful, argument could be made that the claims brought in the current action had not yet been decided by the Court.

The Court now turns to the Green Schaaf defendants' motion seeking sanctions under 28 U.S.C. § 1927, filed on July 22, 2005. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

An award of sanctions under section 1927 is proper when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999). "[S]anctions under § 1927...are discretionary, not mandatory." Burull v. First Nat. Bank of Minneapolis, 831 F.2d 788, 790 (8th Cir. 1987).

Defendants seek sanctions under § 1927 in the amount of $49,257.12 against the law firm Cohen Pope PLLC.[7] They believe that sanctions are warranted under § 1927 solely because Cohen Pope filed this matter in the Southern District of New York, even though this Court had entered an order retaining jurisdiction over all matters that arose from the settlement. Defendants insist that the sua sponte order by the Southern District of New York transferring the matter to this Court demonstrates that this matter belonged in this district.

Cohen Pope responds that the action was commenced in New York for several reasons, including: (1) that four of the defendants are located in New York; (2) the attorney client relationship between plaintiff Koehler and defendant Brody began in New York and legal services were provided to plaintiff from New York; and (2) a substantial portion of the underlying events occurred in New York, including the January 2002 mediation and the execution of the Memorandum of Understanding, which embodied the preliminary settlement of the BankAmerica case.

While the Court believes that this matter properly belonged in this district, it cannot say that Cohen Pope's decision to file the action in the Southern District of New York multiplied the proceedings vexatiously or so unreasonably as to warrant sanctions under 28 U.S.C. § 1927. At most, defendants have proven that Cohen Pope exercised bad judgment in filing the

---

[7]Defendants withdrew their claim for § 1927 sanctions against plaintiff J. Michael Koehler.

action in New York.  Without more, the Court does not believe that the filing of the complaint in New York constitutes an intentional or reckless disregard of the attorney's duties to the court.  See Lee, 177 F.3d at 718.  Therefore, sanctions under section 1927 are inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion [#58] for sanctions pursuant to 28 U.S.C. § 1927 is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion [#75] for sanctions pursuant to Rule 11 is **denied**.

**IT IS FURTHER ORDERED** that defendants' renewed motion [#124] for sanctions under Rule 11 and under 28 U.S.C. § 1927 is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2009.